**FILED**
2011 JAN 27 PM 3:36
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

LODGED
CLERK, U.S. DISTRICT COURT
JAN 14 2011
CENTRAL DISTRICT OF CALIFORNIA
BY ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

INMATE # T-27493
Marc Clayton Merollilo

PLAINTIFF(S)

v.

County of Riverside County Office

DEFENDANT(S).

CASE NUMBER:
ED CV 11-45-UA (FMO)

**ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE**

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

_____
Date

_____
United States Magistrate Judge

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency
☐ Failure to authorize disbursements from prison trust account to pay filing fee
☑ Failure to provide certified copy of trust fund statement for the last six (6) months.
☐ District Court lacks jurisdiction
☑ Other  No IFP form was submitted.

☐ Frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).
☐ Seeks monetary relief from a defendant immune from such relief.
☐ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. 28 U.S.C. § 1915(g); see O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

Comments:

1-18-11
Date

_____
United States Magistrate Judge

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:
☐ **GRANTED**        ☑ **DENIED** (See comments above).

JAN 25 2011
Date

_____
United States District Judge

CV-73C (10/09)    ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE    Page 1 of 1

California Penal Code § 1258

State of California Department of Corrections and Rehabilitation
Richard J. Donovan Correctional Facility at Rock Mountain
Mr. MARC CLAYTON MEROLILLO
CDCR Registry No. #T-27493
Housing Loc: F3-15-135(L)
P.O. Box 799003 - 480 Alta Road
San Diego, CA 92179-9003

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC CLAYTON MEROLILLO,<br><br>                Plaintiff,<br><br>     v.<br><br>COUNTY OF RIVERSIDE COUNTY COUNTY COUNSEL OFFICE; JOE RANK, one attorney of the County Counsel's Office; COUNTY OF RIVERSIDE BRD. OF SUPERVISORS; JOHN TAVAGLIONE, one of the Staff of the Board of County Supervisors; JOHN DOE 1; and JANE DOE 1, in their individual and official capacities, inclusive,<br><br>                Defendants. | CASE NUMBER<br><br>EDCV10-01187<br><br>(To be supplied by the Clerk)<br><br>CIVIL RIGHTS COMPLAINT<br>PURSUANT TO<br><br>TITLE 42 U.S.C SECTION 1983 |

A. PREVIOUS LAWSUITS

   1. Have you brought any other lawsuits in a federal court while a prisoner:
      [X] Yes  [ ] No

   2. If your answer to "1." is yes, how many? __1__

      Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline).

1

Case 5:10-cv-01187-UA -FMO   Document 1-1   Filed 08/10/10   Page 2 of 14   Page ID #:7

a. Parties to this previous lawsuit:
Plaintiff  MARC CLAYTON MEROLILLO

Defendants  COUNTY OF RIVERSIDE, et al.,

b. Court  USDC (Central)

c. Docket or case number  ED CV 09-0447-RGK (FMO)
d. Name of judge to whom case was assigned
e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?)  No.
f. Issues raised:  Malpractice and breach of implied and of contracts. (Filed in the wrong Court, is now pending before the Riverside Superior Court).
g. Approximate date of filing lawsuit:  March 12, 2009
h. Approximate date of disposition  March 31, 2009

B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes  ☐ No  ☒ Not applicable to FOIPA litigations.

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes  ☒ No

   If your answer is no, explain why not  Prison managers have no jurisdiction or influence over Freedom of Information & Privacy Act violations.

3. Is the grievance procedure completed? ☐ Yes  ☐ No  ☒ Please see above answer.

   If your answer is no, explain why not  n/a

4. Please attach copies of papers related to the grievance procedure.

C. JURISDICTION

This complaint alleges that the civil rights of plaintiff  MARC CLAYTON MEROLILLO
(print plaintiff's name)
who presently resides at  Address as shown at top of page one. Thank you.
(mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
All designated and named defendants listed at top of page one.
(institution/city where violation occurred)

CIVIL RIGHTS COMPLAINT

CV-66 (7/97)                                          2                                          Page 2 of 6

on (date or dates) December 10, 2009 February 9, 2010
(Claim I) _____ , _____ (Claim II) _____ (Claim III) _____

NOTE: You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant  OFFICE OF THE RIVERSIDE COUNTY COUNSEL  resides or works at
   (full name of first defendant)
   3535 Tenth Street, Room 300, Riverside 92501
   (full address of first defendant)
   Entity-Defendant
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:
   Entity business is responsible to answer FOIPA even where and if defendant office personnel believe they don't have to answer same.

2. Defendant  JOE RANK  resides or works at
   (full name of first defendant)
   3535 Tenth Street, Room 300, Riverside 92501
   (full address of first defendant)
   County Counsel and attorney to County Counsel
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:
   Defendant was in a place of trust and responsible to receive and to answer all FOIPA requests and demands.

3. Defendant  COUNTY OF RIVERSIDE BOARD OF SUPERVISORS  resides or works at
   (full name of first defendant)
   4080 Lemon street, 5th Fl., Riverside 92501
   (full address of first defendant)
   Entity-Defendant
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:
   Entity business is responsible to answer FOIPA even where and if defendant office personnel believe they don't have to answers same.

4. Defendant   JOHN TAVALIONE _____ resides or works at
   (full name of first defendant)
   4080 Lemon Street, 5th fl., Riverside 92501
   (full address of first defendant)
   Executive Member of the Board
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:
   Defendant was in a place of trust and responsible to received and to answer all FOIPA requests and demands.

5. Defendant   JOHN DOE 1 _____ resides or works at
   (full name of first defendant)
   3535 Tenth Street, Room 300, Riverside 92501
   (full address of first defendant)
   Unknown position with County Counsel Office
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:
   Defendant was in a place of trust and responsible for supervision of the County Board of Supervisors.

6. Defendant   JANE DOE 1 _____ resides or works
   at:   4080 Lemon Street, 5th Fl., Riverside 92501
   Unknown position with County Counsel Office

   The defendant is sued in her: [X] individual and [X] official capACITY.

   Note: The above defendant-entity offices and their defendant-staff may believe that they can take up a position of trust, and just in fact violate, thwart and to frustrate FOIPA Requester's formal and written requests for relevant and material disclosure, though the requests are either not answered or not answered truthfully or, in fact knowingly, these defendants acted in their respective fashion with a deliberate indifference as to plaintiff's needs and of the intended and or proposed use of such information.

   Submitted,

   DATED: AUGUST 9, 2010

   *Marc Clayton Merolillo*
   Mr. MARC CLAYTON MEROLILLO
   Plaintiff In Personam

Claim One:

### I.

### LOCAL GOVERNMENT VIOLATION OF THE FREEDOM OF INFORMATION AND PRIVACY ACT REQUEST/DEMANDS ON TWO (2) SEPARATE AND DISTINCTIVE OCCASIONS VIOLATES PLAINTIFF'S NEAR ABSOLUTE RIGHT TO ACCESS COUNTY OF RIVERSIDE ARBITRATION RECORDS

<u>Claim 1</u>:

Of facts analogous to this instant complaint, plaintiff had entertained a lawful and permissible Freedom of Information and Privacy Act request on defendant JOE RANK, of the County of Riverside County Counsel Office; and simultaneously filed a separate Freedom of Information and Privacy Act (hereinafter "FOIPA") on JOHN F. TAVAGLIONE, OF THE County of Riverside Board of Supervisors, second defendant to this action. Both of the written requests were issued by the Criminal Research Association on December 10, 2009. When it was apparent to the Criminal Research Association (hereinafter "CRA") that both the Office of the Riverside County Counsel and the Office of the County of Riverside Board of Supervisors in fact were not going to even dignify the business practice or courtesy to answer the properly served FOIPA demands, the CRA then issued a February 9, 2010 demand, against on both of the said offices and to the attention of the same persons.

Finally, on April 19, 2010, the Office of the Riverside County Counsel responded. There response arrived almost five (5) calendar months of their being served the said December 10, 2009 FOIPA letter; and over two (2) months after their being served the said February 9, 2010, FOIPA demand. The Riverside County Board of Supervisors did not dignify responding to either of the two FOIPA requests/demands whatsoever.

A. <u>Plaintiff Has a Standing to Agent the CRA to Make His FOIPA Requests or Demands When Those Requests Are Ignored</u>:

5

Plaintiff has a lawful and permissible right to access any information which his name has been indexed into the name or matters of another, or to where information about petitioner is discussed even without the actual mentioning of his name, full name, or any moniker which a reasonable person aware of the facts would commonly associate or identify such information with that of plaintiff or FOIPA Requester in this matter.

Plaintiff's request and/or demand for records from both County of Riverside entities and person fully identified the files which information is sought after were made pursuant to the FOIPA; and the Government Public Records Act; which is also right that he has individualized and of privileged. The Legislature declares that the right to privacy is a personal and fundamental and which is protected under Section 1 of Article I of the Constitution and by the United States Constitution and that all individuals have a right of privacy in information pertaining to them. The Legislature further makes the following findings of law and administion:

> (a) the right to privacy is being threatened by the indiscriminate collection, maintenance, and dissemination of personal information and the lack of effective laws and of legal remedies;
>
> (b) the increasing use of computers and other sophisticated information technology has greatly magnified the potential risk to individuals privacy that can occur from the maintenance of personal information; and
>
> (c) in order to protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits.

Though, in this case, strict limits cannot include their (both of the entity defendants, or each of the named defendants, to just ignore or to deliberately frustrate CRA's formal written requests/demands for the records which pertain to plaintiff, are needed in societal concerns which

6

are marginally more important than the County of Riverside's interests to withhold the sought after documentation or information. That both criminal and serious civil pending or active case matters demand release and relaxed disclosure of the documents, and not just because plaintiff has stated so here. Let's hold plaintiff to a higher standard and pursuant to his pending civil lawsuit against <u>all</u> and each of the parties which the information demands disclosure in <u>Marc Clayton Merolillo</u>, Civil Case No. RIC537025; and that he wants the very same record and the same disclosure of actors to be presented to the Ninth Circuit's review of <u>Marc C. Merolillo v. James Yates</u>, No. 08-56952, both of which (though for very different legal actions) speaks to the conduct of each of these actors of which the County Counsel's Office and the Board of Supervisors maintain files, records and of information which specifically name and discuss the plaintiff now naming them in this instant suit because they (as in both of the County entities) suddenly do not want to lawfully and permissibly disclose the records of <u>Gail Cronyn v. Riverside Public Defenders Office, et al.</u>, Arbitration Case No. RIC353670 to plaintiff in this instant action.

    The term which best operates this FOIPA request and/or demand concern information which is maintained by an agency which distinctly and even most clearly identifies Mr. Merolillo as a person whom is either the subject of the information or indexed into the files of those others by and through his testimony before the proceedings, which then manifests even a greater and sufficiently more broader scope of disclosure than that of a corporate FOIPA disclosure. The term "agency" means every state office officer, department, division, bureau, board, commission, or other state agency.

Plaintiff requested that both the Offices of the County Counsel and Board of Supervisors to search and inspect their records, or system of records, in their possession which pertain to the cases discussed hereto, and which either plaintiff is the subject thereof, or referenced within, or indexed into the files of GAIL MARIE CRONYN, GARY WINDOM, ROBERT WILLEY, COUNTY OF RIVERSIDE PUBLIC DEFENDERS OFFICE, COUNTY OF RIVERSIDE, SUPERIOR COURT OF RIVERSIDE COUNTY, or of any files under their jurisdiction or even constructive access or possession and to locate therefrom any and all records accessible and for release to plaintiff pursuant to demand.

Plaintiff offered that the records in subject may be <u>Olsenized</u>, just as long as the nature of the narrative or information doesn't deny plaintiff any of the issues contained therein. Plaintiff contends that he is also, yet not limited, entitled to disclosure because the information:

(1) plaintiff is an individual to whom the information pertains, in part;

(2) to a person (plaintiff) or to another (CRIMINAL RESEARCH ASSOCIATION [entity agency actor]) where the transfer is necessary for the transferee agency to perform its constitutional or statutory duties, and to be used compatible with a purpose for which the information was collected and the use of transfer is accounted for in accordance with Sec. 1798.25 as well as plaintiff is a party to those matters, therein, where the use is additionally compatible because the information is needed in an investigation and unlawful activity under the jurisdiction of the requesting agency; and

(3) pursuant to the California Public Records Act (Chapter 3.5 [commencing with Section 6250] of Division 7 of Title 1 of the Government Code).

Seven Witkin, California Summary 10th Constitutional Law Section 604 of the Information Privacy Act, except as otherwise provided in plaintiff's request or demand, the defendants and their offices were to permit plaintiff access and disclosure of the file(s) within thirty (30) days of

8

receipt of his demand for records, and sixty (60) days where the records are geographically dispersed or which are inactive and in cold storage. Though instead of responding at all to plaintiff's December 10, 2009 demands upon the Office and persons of those defendants now named here, they elected on their own initiatives to ignore and not answer plaintiff FOIPA in the time allowed by law. Possibly not imagining that plaintiff would cause a second courtesy demand letter of his FOIPA demands, plaintiff had given a second of two notices and demands on these defendants on February 9, 2010.

B. **The County Counsel of Riverside County Has Responded That No Records Responsive to the Request or Demand Could Be Located:**

A letter dated April 19, 2010, issued by Linda M. Hernandez, whom as the County Counsel of Riverside in the position as a Paralegal II, claimed that she was also a Custodian of Records, had researched the files and records for documents responsive to the FOIPA request. However, claimed that the office of the Riverside County Counsel do not maintain or possess and of the court records in either the plaintiff's criminal matter or in the Cronyn case.

Despite the response from the County Counsel's Office, plaintiff is abundantly aware that whenn Ms. Gail Cronyn sued the County of Riverside in case No. RIC353670, that the County Counsel and the Riverside County Public Defenders Office had conducted their investigations, though the entity office of the County Counsel claims they do not have any records whatsoever pertaining to the Cronyn suit. The Board of Supervisors, however, resign to claiming nothing because they refuse to even acknowledge receipt of the CRA-agency formal and dual requests/demands upon them.

Further, suffice to say, the County of Riverside is always reliant upon the Office of the County Counsel for their matters and to control

both County exposure and liabilities. The Office of the County Counsel is always on the front lines for the County of Riverside, yet they do not have a file, no files, and not even a flimsy-file on the <u>Cronyn</u> Arbitration Hearing, and or they have neither owned up to having even constructive possession of the file. County entity/named defendants Board of Supervisors/TAVAGLIONE won't even own up to answering their receipt of both FOIPA requests/demands issued by CRA, and will probably take on the claim that they were unaware of the FOIPA requests/demands. This Court will in better likelihood find determinative whether or not <u>both</u> of CRA's FOIPAs were lost in the mail.

Plaintiff, by this instant civil suit, has no other avenue actionable for the purpose of simply obtaining the files which local county government wish not to release because they contain damaging and deliberately suppressed information, facts and evidence which absolutely does pertain to plaintiff and plaintiff's request for disclosure.

Clarification is placed here that all that plaintiff continues to demand, is the disclosure record of the Arbitration civil suit in re <u>Gail Cronyn v. County of Riverside</u>, <u>et al.</u>, No. RIC353670.

DAMAGES

By reasons of the above refusal or frustrating this otherwise easy and simple FOIPA, in that the County Board of Supervisors and its agent just refused to dignafy answering plaintiff's FOIPA created a loss of the plaintiff's right to access those files and records. By reason that the County Office of the County Counsel's claim that they were unaware of in fact any records which it must and does have access to, and therefore the County Counsel denies plaintiff's request/demand for records, is a frustration unbecoming of a county office and officer, and the dignity of the

State of California therein infringed, is also actionable here.

## DEMAND FOR TRIAL BY JUDGE ALONE

Plaintiff hereby request a trial by judge without a jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff claims the following damages, jointly and severally, against each of the named defendants:

(1) compensatory damages in an amount not to exceed two-thousand ($2,000.00) dollars from each entity named defendant office in and for the County of Riverside;

(2) punitive damages in the amount not to exceed two-thousand ($2,000.00) dollars from each of the named individual defendants;

(3) though exemplary damages should very well be assessed in this case for penalty of state officials who believe they can just frustrate, thwart or, as in this case, do not even dignify an answer to the FOIPA which was served on and receive by defendants, is herewith waived;

(4) cost of this suit necessarily incurred;

(5) that any awards pursuant to the matters be rendered payable to SARA J. WADE as a donation award to her for her pro bono de publico efforts to obtain documents from the defendants and entities; and

(6) such other and further relief as this Court may deem appropriate, including the cost associated with the production of this complaint, which statements of such billings will be tendered to the Court when it becomes necessary for its production and deposit with the Clerk.

I, MARC CLAYTON MEROLILLO, do hereby declare under the penalties of perjury under the laws of the State of California, that these intents or purposes, and information which I have provided, and inferences which in fact may have been made or implied, any statements originating from my

11

own knowledge, are always meant for the truth of which they were offered and are both in fact true and correct to the best of my knowledge, information, record and belief. (Title 28 U.S.C. Section 1746; California Penal Code Sections 1258 and 1259).

This Complaint has also been reviewed on the basis of correctness and for the purpose of prerequisite finding of facts for the truths of those same facts.

Executed this 9th day of August, 2010, at the City and in the County of San Diego, California.[1]

DATE: August 9, 2010

Respectfully submitted,

*[signature: Marc Clayton Merolillo]*

MARC CLAYTON MEROLILLO, plaintiff

Action In Personam

---

1. As was discussed here, each of these defendants, by either their actions or their inactions, should be construed as their core competency as a reflection of the leadership of that county. This concession is a double-edged-sword for a county that has been just rife with these very same problems and since at least the mid-1990s. On one hand, these are defendants whom have the wisdom to recognize and to admit their failures, as opposed to many other individuals or entities whom in similar circumstances would pursue or present indefensible or some type of position to the bitter-end. On the other hand, as is discussed hereto, is an abdiction of the "public trusts" for these defendants to simply throw up their hands, or to later resort to blaming one-another, in a form of surrender. Judicial notice should be focused with the greatest of scrutiny. These are defendants with an alarming increase of civil suits to be filed in the next seven months. They have a lot to answer for.

12

# ATTACHMENT

Guiding citations of the law on the issues of the FOIPA:

Under the Freedom of Information Act (FOIA) and Privacy Act, plaintiff is entitled to request and demand just practically anything in governments possession and even constructive possession in files which reference plaintiff. He may demand copies of anything that the government has in their files, department, agency, or databank, that is indexed under his name, or other identifier. The laws that are discussed here may be considered as a supplemental dicovery. This would and does include any filed in the possession or constructive possession of the COUNTY OF RIVERSIDE COUNTY COUNSEL'S OFFICE and or of JOE RANK who is or was employed at the COUNTY COUNSEL'S OFFICE; and the COUNTY OF RIVERSIDE BOARD OF SUPERVISORS, and or of JOHN TAVAGLIONE who is or was a BOARD OF SUPERVISORS staff member and of any "file" where plaintiff's name or identifiers are mentioned.

Weisberg v. Department of Justice, 705 F.2d 1344 (D.C. 1983), to in fact meet its burden an agency must demonstrate that it has conducted a "Search reasonably calculated to uncover all relevant documents."

Detroit Free Press, Inc. v. Department of Justice, 73 F.3d 93 (6th Cir. 1996), by enacting the Freedom of Information Act (FOIA), Congress evidenced general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language . . . disclosure, not secrecy, is dominant objective of FOIPA, and any exemptions to that disclosure requirement must be narrowly construed.

Solar Sources, Ind, v. U.S., 142 F.3d 1033 (7th Cir. 1998), that in the context of The COUNTY COUNSEL OFFICE and the COUNTY BOARD OF SUPERVISORS are lawfully referred to as local-government, they both would bear the burden of justifying any decision to withhold plaintiff's requested information pursuant to his Freedom of Information Act and Privacy Act requests and demands.

U.S. Dept. of Justice v. Tax Analysts, 492 U.S. 136, 106 L.Ed2d 112 (1989), the Supreme Court favorably broadened their interpretations of what constitutes "Agency Records" under the FOIA Act.

Under plaintiff's own philosophy, he is entitled to any documents which reference his name, any justification of reason why he was in fact brought into those arbitration hearings, and where any of the parties thereof discussed any scenario which can reasonably relate to the situation which plaintiff was subjected to because of the conduct of other parties named therein. The information to disclose should absolutely trump any bad faith cause to withhold. Disclosure should also give way to the interests of both fairness and of justice because the truth of those matters also is a societal need for truthful proceedings.

June 18, 2010